UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HARTZ MOUNTAIN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>STELLINA STORE LLC d/b/a/ AMAZON SELLER STELLINA STORE,<br><br>Defendant. | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff The Hartz Mountain Corporation ("Hartz" or "Plaintiff"), by and through its undersigned counsel, complains of the conduct of Defendant Stellina Store LLC d/b/a Amazon Seller Stellina Store ("Stellina Store" or "Defendant") and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1. Hartz seeks injunctive relief and monetary damages for Defendant's false advertising, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related state law claims arising from Defendant's improper sale of Hartz's products, use of trademarks owned and used by Hartz, and unfair and deceptive business practices.

2. This case concerns Defendant's wrongful, unauthorized promotion and sale of Hartz's products (hereinafter, the "Hartz Products") through online commerce sites, including but not limited to, Amazon.com. As described more fully below, Defendant has and continues to falsely advertise that the Hartz Products it offers for sale and sells are in "new" condition, when they are not.

3. Specifically, despite advertising and offering for sale Hartz Products in "new"

condition, the Hartz Products Defendant actually sells and delivers to consumers are, in fact, used and/or returned products in damages condition or products bought at liquidation, and therefore, are used and not "new" as Defendant advertises.

4. Consumers are likely to be and have been actually confused by Defendant's sale of Hartz Products that are being falsely advertised as "new" products when they are, in fact, used products.

5. Defendant's conduct has produced and, unless enjoined by the Court, will continue to produce, a likelihood of confusion and deception amongst consumers of Hartz Products, to the irreparable injury of Hartz.

6. As a result of Defendant's actions, Hartz is suffering a loss of the enormous goodwill that Hartz has created in the Hartz brand and Hartz Products, and is losing profits from the lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's false advertising, trademark infringement, and unfair competition.

**JURISDICTION AND VENUE**

**7.** This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

8. This Court has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction pursuant to Mass. Gen. Laws c. 223A § 3 because Defendant has sold, offered for sale, or otherwise distributed Hartz Products to residents of the Commonwealth and this District; because Defendant has caused tortious injury to Hartz within the Commonwealth and this District; because Defendant practices the unlawful conduct

complained of herein, in part, within the Commonwealth and this District; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth and this District; because Defendant regularly conducts business within the Commonwealth and this District; and because Defendant enters into sales contracts with residents of the Commonwealth and this District.

10. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

11. Plaintiff The Hartz Mountain Corporation is a New Jersey corporation with its principal place of business in Secaucus, New Jersey. Hartz develops, markets, and sells a variety of pet care products and accessories. Hartz sells its products under the Hartz brand throughout the United States.

12. Defendant Stellina Store LLC d/b/a/ Amazon Seller Stellina Store is a California limited liability company with its principal place of business located at 3470 Big Oak Drive, Foresthill, CA 95631. Defendant does business or has done business and sold products to consumers, including Hartz Products, within the Commonwealth of Massachusetts and this District through various online commerce sites, including, but not limited to, Amazon.com using the seller name "Stellina Store" under the Amazon Seller ID A1K47KLEHQYOB8.

## FACTS

***Hartz's Trademark Usage***

13. The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with pet care products and accessories (hereinafter, the "Hartz Marks"). The Hartz

Marks include, but are not limited to:

| Mark | Registration Number | Filing Date |
|---|---|---|
| Hartz | 8,161,502 | November 11, 2021 |
| DELECTABLES | 7,693,698 | March 29, 2024 |
| **HARTZ** | 6,318,647 | June 3, 2020 |
| **HARTZ** | 3,222,910 | June 5, 2006 |
| **HARTZ** | 0,993,444 | September 24, 1973 |
| **HARTZ** | 0,993,373 | September 24, 1973 |
| **HARTZ** | 1,017,875 | September 24, 1972 |
| **HARTZ** | 0,943,059 | July 6, 1971 |

14. The Hartz Marks have been in continuous use since at least their respective dates of registration.

15. Hartz advertises, distributes, and sells it Hartz Products to consumers under the Hartz Marks.

16. Hartz has also acquired common law rights in the use of the Hartz Marks throughout the United States.

17. The federal trademark registrations for the Hartz Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Hartz Marks.

18. Hartz has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Hartz Marks throughout the United

States and the world. As a result of such advertising and promotion, Hartz has established substantial goodwill and widespread recognition in the Hartz Marks, and the marks have become associated exclusively with Hartz and its products by both customers and potential customers, as well as the general public at large.

19. To create and maintain such goodwill among its customers, Hartz has taken substantial steps to ensure that products bearing the Hartz Marks are of the highest quality. As a result, the Hartz Marks have become widely known and are recognized throughout the United States and the world as symbols of high-quality products.

20. As a result of, *inter alia*, the care and skill exercised by Hartz in the conduct of its business, the high quality of the goods sold under the Hartz Marks, and the extensive advertising, sale, and promotion by Hartz of its products, the Hartz Marks have acquired secondary meaning in the United States and the world, including this District.

21. Hartz is not affiliated with Defendant, and Defendant is not authorized to use the Hartz Marks.

***Hartz Products***

22. Hartz is recognized throughout Massachusetts, the United States, and the world as a leading manufacturer of pet care products and accessories.

23. Through advertising and promotional efforts, customers throughout Massachusetts, the United States, and the world recognize the Hartz name and logo, upon which they rely for high-quality products and attentive customer service.

24. Hartz has invested and has expended significant time and effort in advertising and promoting its Hartz Products. As a result of such advertising and promotion, Hartz has established substantial goodwill and widespread recognition in the Hartz Products, which have become

associated exclusively with Hartz and its products by both customers and potential customers, as well as with the general public at large.

***Defendant's False Advertising and Other Misconduct***

25. Hartz has never authorized or otherwise granted Defendant permission to sell Hartz Products. Defendant is not an authorized reseller of Hartz Products.

26. Despite this, Defendant is currently offering for sale and selling Hartz Products on online commerce sites, including, but not limited to, Amazon.com.

27. The Hartz Products that Defendant offers for sale and sells online are falsely advertising as being in "new" condition.

28. The Hartz Products that Defendant actually sells and delivers to consumers are, in fact, used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin. Such liquidated products have been purchased and sold once previously, are used and/or returned products, and may be in damaged condition, and therefore are used and not "new" as Defendant advertises.

29. Because Defendant purchases Hartz Product from return and liquidation stock, it is unaware of the condition or the prior chain of custody of the Hartz Product it sells. Therefore, all Hartz Products sold by Defendant are non-genuine products.

30. The below is an example of Defendant's product listings advertising non-genuine Hartz Products:


Delectables Lickable Treat Bisque Wet Cat Treat Variety P...
12,555 ratings
New
-9% $31.99
($0.76 / ounce)
List Price: ~~$35.17~~
Add to Cart
FREE Two-Day delivery **Wednesday, August 26** on pet supplies shipped by Amazon over $35
Or fastest delivery **Tomorrow, August 25**. Order within 9 hrs 13 mins
Shorter shipping distance

| | |
|---|---|
| Ships from | Amazon.com |
| Sold by | Stellina Store<br>(1023 ratings)<br>98% positive over last 12 months |
| Customer service | Amazon |

31. Mystery buys have confirmed that despite advertising and offering for sale Hartz Products in “new” condition, the Hartz Products Defendant actually sells and delivers to customers are, in fact, used and/or returned products in damaged condition or products bought at liquidation, rather than in “new” condition.

32. For example, one mystery buy purchased the 32 pack of Delectables Squeeze Up Kitten Creamy Squeezable Puree as advertised below:



33. The mystery buy revealed that the product did not come in packaged in a single container as advertised, but rather in an unbranded bag of loose individual packs, as shown below:




34. Another test buy purchased the 48 pack of Delectables Squeeze Up Non-Seafood Chicken with Duck & Catnip Variety Pack, advertised in a plastic container:




35. The mystery buy revealed that the product did not come in a single plastic container as advertised, but rather in an unbranded bag of loose individual packs, as shown below:




36. Defendant's advertisement of Hartz Products and use of the Hartz Marks provides customers with a false assurance that the products they purchase from Defendant conform with Hartz's high standards, when in fact they are receiving non-genuine Hartz Products.

37. Defendant intentionally advertises and sells Hartz Products in ways that are likely to deceive consumers and create consumer confusion.

38. Defendant's continued advertisement, display, and sale of Hartz Products on the Internet, including, but not limited to, Amazon.com, has harmed, and continues to harm, Hartz and its relationships with consumers.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

39. Defendant's actions substantially harm Hartz by placing falsely advertised Hartz Products into the stream of commerce in the United States.

40. Defendant's advertisement and sale of Hartz Products that are different from what is advertised is likely to cause—and has caused—consumer confusion and disappointment regarding Hartz sponsorship or approval of those products.

41. Defendant's actions substantially harm Hartz and consumers who ultimately purchase Defendant's falsely advertised Hartz Products believing them to be packaged as they would receive from Hartz. Defendant's actions cause consumers to not receive the product as he or she intended.

42. Defendant's conduct results in consumer confusion as well as the dilution of Hartz goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

43. The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's false and misleading advertisements. For example, many customers leave feedback similar to the exemplars set forth below:

> "Item is about to expire. The outer package shows an expiry date of 31st Jan 2027 yet the items still side show an expiry date of November 2026."
>
> By Ken M. on August 21, 2026.

> "Ordered 20, only received 10. Have written to seller twice with no response."
>
> By Kelly tinsley on August 15, 2026.

44. The sale of Hartz Products by unauthorized resellers, such as Defendant, interferes with Hartz ability to control the quality of Hartz Products sold to consumers.

45. Defendant's conduct results in the lessening of sales of authorized and properly advertised Hartz Products to the detriment of Hartz.

46. As a result of Defendant's actions, Hartz is suffering the loss of substantial goodwill and widespread recognition in the Hartz brands and Hartz Products.

47. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Hartz irreparable harm.

**COUNT I**
**False Advertising in Violation of 15 U.S.C. § 1125(a)**

48. Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. This is a claim under 15 U.S.C. § 1125(a).

50. Hartz engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Hartz Marks, throughout the United States.

51. The Hartz Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Hartz's products and services.

52. By selling or distributing products using the Hartz Marks as alleged herein, Defendant is engaging in false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to Hartz and its goods and services in violation of 15 U.S.C. § 1125(a).

53. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Hartz's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Hartz's customers.

54. By advertising or promoting products using the Hartz Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

55. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Hartz Marks, thereby causing immediate, substantial, and irreparable injury to Hartz.

56. By selling and advertising products under the Hartz Marks as alleged herein, Hartz is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

57. As a direct and proximate result of Defendant's actions, Hartz has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless its conduct is enjoined, Hartz's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Hartz is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

**COUNT II**
**False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

58. Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

60. Hartz engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Hartz Marks, throughout the United States.

61. The Hartz Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Hartz products and services.

62. By selling or distributing products using the Hartz Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to Hartz and its goods and services in violation of 15 U.S.C. § 1125(a).

63. By advertising or promoting products using the Hartz Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

64. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Hartz Marks, thereby causing immediate, substantial, and irreparable injury to Hartz.

65. By selling and advertising products under the Hartz Marks as alleged herein, Hartz is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

66. As a direct and proximate result of Defendant's actions, Hartz has been, and continues to be, damaged by Defendant's activities and conduct, including but not limited to the loss of sales of properly advertised and new products. Defendant has profited thereby, and unless its conduct is enjoined, Hartz reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Hartz is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

**COUNT II**
**Unfair Competition Under G.L. c. 93A**

67. Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68. Hartz and Defendant are in the conduct of trade or commerce within the meaning of G.L. c. 93A.

69. As detailed above, Defendant's continued trademark infringement and false advertising of Hartz products constitutes an unfair and deceptive business practice.

70. Defendant's acts have irreparably harmed Hartz and, unless enjoined, will continue

to do so in a manner affording Hartz no adequate remedy at law.

71. Defendant has refused to desist from these wrongful acts, and therefore Defendant has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

## RELIEF REQUESTED

WHEREFORE, Plaintiff The Hartz Mountain Corporation prays for judgment in its favor and against Defendant Stellina Store LLC d/b/a Amazon Seller Stellina Store providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

i. using, or attempting to use, any of the Hartz intellectual property;

ii. acquiring, or taking any steps to acquire, any Hartz Products;

iii. selling, or taking any steps to sell, any Hartz Products;

iv. engaging in any false or misleading advertising with respect to Hartz products, which relief includes, but is not limited to, prohibiting the offer for sale or sale of any Hartz products;

v. engaging in any activity constituting unfair competition with Hartz; and

vi. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B. Adjudge Defendant to have violated 15 U.S.C. § 1125(a) by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and

characteristics of the Hartz products sold by it;

C. Adjudge Defendant to have violated Mass. Gen. Laws ch. 93A;

D. Award Hartz its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

E. Award Hartz Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

F. Award Hartz its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

G. Award Hartz pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H. Award Hartz the costs incurred in bringing this action; and

I. Grant Hartz such other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Hartz hereby requests trial by jury on all claims so triable.

By Its Attorneys,

*/s/ Morgan T. Nickerson*

Morgan T. Nickerson, Bar No. 667290
morgan.nickerson@klgates.com

K&L GATES LLP
1 Congress Street
Suite 2900
Boston, Massachusetts 02114-2023
Telephone: +1 617 261 3100
Facsimile: +1 617 261 3175

Dated: September 8, 2026